IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**IRA LEE DENSON,**

    **Plaintiff,**

vs.                                              Case No. 4:09cv230-SPM/WCS

**TINA DEMOTISIS, et al.,**

    **Defendants.**

    _____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding *pro se* and *in forma pauperis*, has filed an amended civil rights complaint under 42 U.S.C. § 1983. Doc. 10. The amended complaint has been reviewed as is required by 28 U.S.C. § 1915A.

Plaintiff sues Madison County Deputy Sheriff Tina Demotisis, state court judge Leandra G. Johnson from Madison County, and Assistant State Attorney John Weed. Doc. 10, p. 2. Plaintiff claims that he was arrested on or about October 27, 2007, for criminal charges of "aiding and abetting" in violation of FLA. STAT. § 777.011. Doc. 10, p. 4. Plaintiff was arrested by Deputy Nagy, not a named Defendant in this case. *Id.* Two days later, on October 29th, and while detained at the Madison County Jail,

Plaintiff's probation officer (Mrs. Blair) filed an affidavit against Plaintiff and charged him with violating condition five of his probation with the offense of aiding and abetting. *Id.* Two days later, on October 31st, Plaintiff alleges that Defendant Judge Johnson "ordered a warrantless arrest on violation report and affidavit V.O.P. submitted" by the probation officer. *Id.*[1] Plaintiff claims another Deputy Sheriff "re-arrest[ed] Plaintiff while the Plaintiff was still detained in Madison County Jail . . . on warrantless order by" Judge Johnson. *Id.* Plaintiff then alleges a conspiracy between the Judge, Deputy Demotisis, and Assistant State Attorney, to revoke the earlier V.O.P. charge which was "failing to live and remain at liberty without violating any law" and change that to committing "battery and disorderly conduct." *Id.* Plaintiff alleges that Defendant Demotisis was a deputy and not a probation officer and had no authority to file an affidavit for a V.O.P. *Id.* Plaintiff alleges the judge proceeded on the "illegal affidavit V.O.P." for battery and disorderly conduct in January of 2008. *Id.*, at 5.

Plaintiff was found guilty of violating condition five of his probation, and was sentenced to five years in the Department of Corrections. *Id.*, at 5. Plaintiff contends Judge Johnson lacked subject matter jurisdiction and did not have authority to adjudicate his case. *Id.* Plaintiff claims the judgment is void. *Id.* Although Plaintiff states that he is not attempting to collaterally attack his sentence, he is claiming the Defendants violated his constitutional rights and he seeks monetary damages for those deprivations. *Id.*, at 5, 6.

---

[1] That allegation is incorrect. Plaintiff's exhibit B reveals that *after* Plaintiff was arrested without a warrant, Judge Johnson ordered Plaintiff to "remain incarcerated without bond pending a hearing" finding there was "probable cause and reasonable ground to believe" that Plaintiff had violated his probation. Doc. 10, ex. B.

As Plaintiff was previously advised, *see* doc. 8, one may not seek monetary damages which would collaterally undermine a criminal conviction or sentence. Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S. Ct. 1827, 1841, 36 L. Ed. 2d 439 (1973) (prohibiting injunctive relief which would result in speedier or immediate release from a term of imprisonment); Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994) (barring a claim for monetary damages related to a conviction or sentence until the plaintiff can show that the conviction or sentence has been invalidated). In Heck, the Court held "that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Harden v. Pataki, 320 F.3d 1289, 1294 (11th Cir. 2003), *quoting* Heck, 512 U.S. at 486-87, 114 S.Ct. at 2372. "A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983." Heck, 512 U.S. at 487, 114 S.Ct. at 2372.

An attack on the lawfulness of a finding of guilty which returns a probationer to prison is a *habeas corpus* claim because it is collaterally challenging the lawfulness of one's incarceration. Such a claim must first be brought through the filing of a habeas petition under 28 U.S.C. § 2254. Because Heck requires there be a "favorable termination requirement" in this type of § 1983 action, a requirement Plaintiff cannot meet since he is incarcerated on the finding of guilt for violating his probation, this case

cannot proceed. This action must be dismissed for failure to state a claim upon which relief may be granted.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's amended complaint, doc. 10, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2) because this case is barred by Preiser v. Rodriguez, *supra*, and Heck v. Humphrey, *supra*, and that the order adopting this report and recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on November 9, 2009.

   s/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**